IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 05-49206 |
| STACY M. LEVESQUE, | ) | |
| | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | Judge: A. Benjamin Goldgar |

**NOTICE OF MOTION**

To:   SEE ATTACHED SERVICE LIST

You are hereby notified that on January 28, 2010 at 9:30 a.m., or as soon after as I may be heard, I will appear before the Honorable Judge Benjamin A. Goldgar or any other Judge sitting in his place and stead at the Park City Branch Court, Courtroom B, 301 Greenleaf Avenue, Park City, Illinois 60085-5725, and I will then and there present the attached:
**DEBTOR'S MOTION TO APPROVE OBJECTION TO LITTON LOAN SERVICING/THE BANK OF NEW YORK MELLON'S RESPONSE TO CHAPTER 13 TRUSTEE'S NOTICE OF PAYMENT OF FINAL MORTGAGE CURE**

Respectfully Submitted
STACY M. LEVESQUE

By: /s/Penelope N. Bach
Paul M. Bach, one of her attorneys
P.O. Box 1285
Northbrook, Illinois 60065
(847) 564-0808
Attorney No. 06209530

PROFF OF SERVICE

I, Penelope N. Bach, certify that I served this Notice and attached Motion upon all parties by placing copies of same in an envelope addressed as indicated above and depositing it in the U.S. mail, proper postage prepaid, in Northbrook, Illinois on January 21, 2011.

/s/ Penelope N. Bach
Penelope N. Bach

SERVICE LIST

**Stacy M. Levesque**
1909 East Pinecrest Lane
Lindenhurst, Illinois 60046

**Glenn Stearns, Chapter 13 Trustee**
4343 Commerce Court, Suite 120
Lisle, IL 60532

**United States Trustee**
227 West Monroe Street Suite 3350
Chicago, IL 60606

**J.P. Morgan Chase Bank as Trustee**
4828 Loop Central Drive
Houston, TX 77081-2226

**Fisher & Shapiro, LLC**
2121 Waukegan Road Suite 301
Bannockburn, IL 60015

**Pierce and Associates**
1 N Dearborn, Suite 1300
Chicago, IL 60602

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 05-49206 |
| STACY M. LEVESQUE, | ) | |
| | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | Judge: A. Benjamin Goldgar |

### DEBTOR'S MOTION TO APPROVE OBJECTION TO LITTON LOAN SERVICING/THE BANK OF NEW YORK MELLON'S RESPONSE TO CHAPTER 13 TRUSTEE'S NOTICE OF PAYMENT OF FINAL MORTGAGE CURE

NOW COMES the Debtor, STACY M. LEVESQUE, by and through her attorney the LAW OFFICES OF PAUL M. BACH and pursuant to Section B2B of the Chapter 13 Plan confirmed on January 27, 2006 requests an order of this court disallowing the items stated in the Response of Litton Loan Servicing/The Bank of New York Mellon filed on January 13, 2011 and states as follows:

1. That this Chapter 13 bankruptcy case was filed on October 11, 2005.
2. This case was confirmed on January 27, 2006 with payments of $1,490.00 for thirty six months. Unsecured non priority creditors were to be paid ten hundred percent of allowed claims. The confirmed Chapter 13 Plan also provided for payment of the Debtor's current mortgage payment of $1,120.66 (which on information and belief included an escrow for taxes) through the Chapter 13 Plan as well as the arrearage of $11,089.33. The Debtor's confirmed Chapter 13 Plan listed the mortgage creditor as JP Morgan Chase Bank. A copy of the Debtor's confirmed Chapter 13 Plan filed on November 28, 2005 and confirmed on January 27, 2006 is attached as an exhibit. Additionally attached as an exhibit is a copy of the court's docket in this case.
3. That on November 18, 2005 JP Morgan Chase Bank as Trustee et. al. filed Proof of Claim Three (3) showing an arrears of $11,089.03. The Proof of Claim showed the current mortgage payment as $1,120.66 and showed an Escrow Shortage of $3,349.74. The existence of an Escrow Shortage item in the Proof

        of Claim shows that an Escrow Account existed at least at that time.  Also the Proof of Claim shows Bankruptcy Fees of $425.00 in arrearage.  A copy of the Proof of Claim is attached as an exhibit.

4.      That the mortgage attached to the Proof of Claim provides in Paragraph three (3) of that document for, "Funds for Escrow Items.  Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note paid in full, a sum (the "funds") to provide payment of amounts due for (a) taxes and assessments and other items which can attain priority over this Security Interest Instrument as a lien or encumbrance on the Property; …."  Although later in that paragraph the Lender can waive that requirement, the Debtor has no knowledge of any waiver and in fact is not aware of a waiver by the Lender.

5.      That Paragraph B2 of the Confirmed Chapter 13 Plan provides as follows:

The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in Paragraph 4 of Section E of this plan, including the right to reimbursement for costs of collection and other payment obligations of the debtor accruing after the filing of this bankruptcy case, shall be modified only to the following extent:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 4 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of the cure amount specified in
Paragraph 4 of Section E, the standing trustee shall serve upon the holder, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the holder is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested

matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected. No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph,
(c). *Costs of collection*. Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 4 of Section E

6. That on November 15, 2010, the Chapter 13 Trustee issued a Notice of Payment of Final Mortgage Cure Amount under Paragraph B(2)(b) of Plan. A copy is attached as an exhibit.

7. On December 1, 2010, the Chapter 13 Trustee sent the attached letter to the Debtor regarding payment of current mortgage payments and stating the amount of the current mortgage payment at that time.

8. On December 2, 2010 the Court entered the attached Discharge of Debtor after Completion of Plan Payments.

9. That on December 3, 2010 Litton Loan Servicing/The Bank of New York Mellon filed a Motion for Relief from Stay which has been continued based on the Debtor's objection that the allegations contained in that Motion were not correct. Based on that Objection the court had suggested that documents be produced or the Motion for Relief be modified. This has not been completed to the undersigned attorney's knowledge. A copy is attached as an exhibit.

10. That an alleged pay history is attached to the Motion for Relief from Stay showing that the Litton Loan Servicing believes that $71,435.37 in current mortgage payments have come due and that the Debtor via the Chapter 13 Trustee has paid $70,160.47.

11. That the records of the Chapter 13 Trustee show the current mortgage payments paid to JP Mortgage Chase Bank total $72,345.52 which is more than is alleged to be due.

12. That on January 13, 2011 Litton Loan Servicing/The Bank of New York Mellon filed its Response to Notice of Payment of Final Mortgage Cure a copy of which is attached.

13. No proof has been provided to the court that Litton Loan Servicing/The Bank of New York has the standing to file a Response to Notice of Payment of Final Mortgage as the Proof of Claim was filed by J.P. Morgan Chase Bank as Trustee and the parties do not match. The document does indicate that Litton is a successor but no documents have been attached or provided of such a relationship. The Debtor initially objects on this basis before the court reaches the other Objections as stated below.

14. The debtor disputes the items alleged as due post petition as follows:

   a) Attorney's Fees of $250.00: No itemization of what this alleged attorney fee is for or if it has been included in the Pre Petition arrearage has been provided and on this basis the Debtor objects;
   b) Payments (2@$942.09) for $1,884.18: The Chapter 13 Trustee has paid all of the amounts for current mortgage payments since the inception of the case and the Debtor objects;
   c) Escrow Advance of $13,054.34-Real Estate taxes are included in the current mortgage payments and the Debtor therefore objects;
   d) Bankruptcy Attorney Fee/Cost of $500.00- No itemization of what this alleged attorney fee is for or if it has been included in the Pre Petition arrearage has been provided and on this basis the Debtor objects; Additionally if this or is as a result of the Motion for Relief from Stay the Debtor objects as the Debtor was current at the time the Motion was filed;

e) Suspense of $910.15-The debtor objects that any amount is due through December 2010 and that at time the debtor's loan was current.

15. The Debtor objects and challenges that any amount is due for the Debtor's mortgage loan.

16. The attempt of Litton Loan Servicing/The Bank of New York Mellon to collect items that they are not entitled is a violation of the automatic stay (through December 1, 2010) and the Discharge Injunction thereafter and the Debtor is entitled to Damages and Attorney Fees for those actions.

WHEREFORE the Debtors, STACY M. LEVESQUE, hereby requests an order of this court finding that Litton Loan Serving/The Bank of New York Mellon does not have standing to file the Response that is the Subject of this Objection or in the alternative that no amounts are due under the confirmed Chapter 13 Plan to Litton Loan Servicing The Bank of New York Mellon through December 2010 and that Litton Loan Servicing The Bank of New York Mellon has violated the Automatic Stay/Discharge Injunction by attempting to collect these and that and for any further relief that this court deems just.

Respectfully Submitted

By: /s/ Penelope N. Bach
Paul M. Bach, one of his attorneys

BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60065
(847) 564-0808
Attorney No.  06209530